IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| ANTONIO ROBINSON, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| VS. | : | |
| | : | CIVIL NO.: 4:19-CV-209-CDL-MSH |
| Warden WALTER BERRY, | : | |
| Respondent. | : | |

## ORDER

Currently before the Court are Petitioner Antonio Robinson's motion to alter judgment (ECF No. 15) and motion for reconsideration (ECF No. 16), both of which seek reconsideration of the Court's Order dismissing Petitioner's 28 U.S.C. § 2254 federal habeas corpus petition as successive (ECF No. 10). For the following reasons, Petitioner's motions for reconsideration are **GRANTED,** and the Court **VACATES** its Order and Judgment dismissing this case. Petitioner's motion for leave to proceed *in forma pauperis* will also be **GRANTED**, but Petitioner's remaining pending motions are **DENIED.** The Court also directs service on Respondent as described in more detail below.[1]

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named Walter Berry and Edward Philbin as Respondents in this case. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the Autry State Prison, and the warden of that facility is Walter Berry. Therefore, the Court has corrected the style of this case to show

1

**I.     Pending Motions**

     A.     <u>Motions for Reconsideration</u>

The Court will construe Petitioner's motions as filed pursuant to Federal Rule of Civil Procedure 59(e). Mot. Recons. 2, ECF No. 15 (citing to Rule 59(e)). Motions for reconsideration are generally disfavored, and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)). The Court, however, recognizes three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

In his postjudgment motions, Petitioner contends that the Court misconstrued his habeas petition as presenting a direct challenge to his March 22, 1996 criminal conviction. Mot. Recons. 1, ECF No. 16. Although it is somewhat unclear from his pleadings, it appears Petitioner intended to challenge state officials' decision to deny him the ability to

---

Walter Berry as the sole correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

participate in a work release program that was an essential precondition to parole and/or their decision to deny parole altogether. *See, e.g.,* Mot. Recons. 2-3, ECF No. 16; Mot. Recons. 3, ECF No. 15. Because his Petition does not challenge his underlying criminal conviction, Petitioner argues, it cannot be considered successive.

28 U.S.C. § 2244(b) prohibits the district court from entertaining claims presented in "second or successive" habeas corpus petitions. A number of circuit courts that have addressed the issue have held that a claim based on the wrongful denial of parole is not "second or successive" where the prisoner did not have the opportunity to challenge the denial in a prior § 2254 petition. *See Restucci v. Bender*, 599 F.3d 8, 10 (1st Cir. 2010) (per curiam) (collecting cases).

Section 2254 is the appropriate vehicle for a prisoner challenging the decision to deny parole or pre-parole status. *See, e.g., Young v. Harper*, 520 U.S. 143, 146-47 (1997) (holding that state's pre-parole program "was equivalent to parole" and therefore § 2254 petitioner was entitled to due process protections prior to removal from program); *see also Brown v. Barrow*, 512 F.3d 1304, 1306 (11th Cir. 2008) (per curiam). Petitioner in this case does not appear to have challenged denial of his parole or pre-parole status in his previous § 2254 applications. Further, since the claims in this Petition appear to have arisen "well after his prior habeas petitions"—the latest of which was filed in 2010—"and application for leave to file a second or successive petition seeking review of his state court conviction were denied," Petitioner could not have raised his parole-based claims in earlier

3

petitions.[2] Accordingly, the Petition in the above-captioned action is not necessarily "second or successive" and should not have been dismissed as such. The Court thus **GRANTS** Petitioner's motions (ECF Nos. 15, 16) and **VACATES** its Order (ECF No. 10) and Judgment (ECF No. 11) in this action.

### B. Remaining Pending Motions

The Court's vacatur of its January 24, 2020 Order and Judgment also leaves several of Petitioner's previously resolved motions pending. First, the Court has reviewed Petitioner's motion for leave to proceed *in forma pauperis* and the documents submitted in support thereof and finds that Petitioner cannot now pay the Court's $5.00 filing fee. As such, Petitioner's motion (ECF No. 2) is **GRANTED.** Petitioner has also filed (1) a motion for a preliminary hearing; (2) a motion for injunctive relief in which he also appears to seek a hearing; (3) a motion for summary judgment; (4) a motion for leave to file amended motions; and (5) a motion for appointed counsel.

Petitioner's motion for leave to file amended motions (ECF No. 8) is **DENIED as moot**. As explained in the Order for Service below, Petitioner may choose to amend his Petition if he desires at this time. Petitioner's motions for a preliminary hearing (ECF No. 5), injunctive relief (ECF No. 6), and summary judgment (ECF No. 7) are all premature and **DENIED** as such. In accordance with the Rules Governing § 2254 Cases in the

---

[2] *See* Order Den. Leave to File Second or Successive Pet., *In re: Antonio Robinson*, Case No. 10-12314 (11th Cir. June 16, 2010); Order Den. Leave to File Second or Successive Pet., *In re: Antonio Robinson*, Case No. 13-12480 (11th Cir. June 19, 2013).

United States District Courts, the Court will direct Respondent to answer this Petition and will then determine whether discovery, expansion of the record, an evidentiary hearing, or any additional information is necessary to resolve Petitioner's claims.[3]

To the extent Petitioner seeks appointed counsel, there is generally no right to legal representation in a federal habeas corpus proceeding. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). The Rules governing habeas cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if counsel is necessary for effective discovery, or "if the interest of justice so requires." *Jones v. Thompson*, No. CV410-039, 2010 WL 3909966, at *2 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases). The Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel. Until then, Petitioner's motion for appointed counsel (ECF No. 9) is **DENIED**.

      C.    Summary of Rulings on Motions

In sum, the Court **GRANTS** Petitioner's motions for reconsideration (ECF No. 15 and 16) and **VACATES** the Order (ECF No. 10) and Judgment (ECF No. 11) dismissing this action. The Court **GRANTS** Petitioner's motion for leave to proceed *in forma*

---

[3]The Court further notes that the Order denying Petitioner's motions to compel an answer (ECF No. 12) and to produce (ECF No. 13) was not vacated, and these motions are also premature and remain denied.

*pauperis* (ECF No. 2) but **DENIES** Petitioner's motion for a preliminary hearing (ECF No. 5); motion for injunctive relief (ECF No. 6); motion for summary judgment (ECF No. 7); motion for leave to file amended motions (ECF No. 8); and motion to appoint counsel (ECF No. 9).

### IV. Order for Service

The Court has also reviewed Petitioner's Petition and found that summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts is not appropriate. It is therefore now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that

Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 28th day of February, 2020.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA